UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| KORY TURNER, <br>    a/k/a KORY LA'RON TURNER BEY <br><br>       Plaintiff, <br><br> V. <br><br> UNITED STATES OF AMERICA, <br><br>       Defendant. | Civil No. 6: 13-153-GFVT <br><br> **MEMORANDUM OPINION** <br> **AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Kory Turner is an inmate confined at the United States Penitentiary in Terre Haute, Indiana. Proceeding without an attorney, Turner filed this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80. [R. 1] The Court granted Turner's motion to pay the filing fee in installments by prior order. [R. 7]

The Court must conduct a preliminary review of Turner's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Turner's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In his complaint, Turner alleges that M. Broughton, a BOP officer at the United States Penitentiary - McCreary in Pine Knot, Kentucky, groped his genitals during a pat-down search on October 8, 2011. Turner further alleges that when he protested, Broughton pushed him back up against the wall and directed a racially-inflammatory term at him. Finally, Turner contends that officer Potter observed this conduct, but refused to intervene when Turner complained and asked him to put a stop to it. [R. 1, pp. 2-3; R. 18, pp. 6-7] Turner seeks compensatory damages for "humiliation, embarrassment, and mental distress," as well as punitive damages. [R. 1, p. 3]

Having reviewed the complaint and the applicable law, the Court concludes that Turner's complaint must be dismissed because he does not allege that he suffered physical injury or was the victim of a "sexual act" as that term is defined by federal law. The pertinent statute provides:

> No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18).

28 U.S.C. § 1346(b)(2).[1] *See also*, 28 U.S.C. § 1997e(e). Here, Turner alleges that he suffered only "humiliation, embarrassment, and mental distress," [R. 1 at 3] but not physical injury. The Sixth Circuit has repeatedly held that physical injury is a prerequisite to a federal suit arising out of alleged unwanted touching of the genitals during the search of a prisoner. *Cf. Kelly v. Moose*, No. 3:12-1339, 2013 WL 141132, at *2-3 (M.D. Tenn. Jan. 10, 2013) (*citing Jackson v. Herrington*, 393 F. App'x 348, 354 (6th Cir. 2010) and *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008)). Likewise, a prison guard's use of racial slurs which do not result in physical

---

[1] The language "or the commission of a sexual act (as defined in section 2246 of Title 18)" was added to the end of this subdivision pursuant to Pub.L. 113-4, § 1101(b), and became effective March 7, 2013. Because it does not affect the outcome, the Court assumes, without deciding, that the amendment applies to Turner's claims, which arose from conduct which occurred on October 8, 2011, well before the effective date, but which are asserted in the complaint he filed on April 16, 2013, after the effective date of the provision.

injury, while deplorable and unprofessional, fail to satisfy this requirement. *Smith v. Howes*, No. 1:12cv285, 2012 WL 1579346, at *9 (W.D. Mich. May 4, 2012); *Johnson v. Rush*, No. 12-114-GFVT, 2013 WL 1856090, at *3 (E.D. Ky. Apr. 30, 2013).

Turner's allegations also do not indicate that a "sexual act" was committed upon him as that term is defined in 18 U.S.C. § 2246. That section defines a "sexual act" as

> (A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;
>
> (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
>
> (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
>
> (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person;

18 U.S.C. § 2246(2). None of the allegations of Turner's complaint [R. 1, pp. 2-3] or the attachments to his Form 95 [R. 18, pp. 6-7] indicate that any of the foregoing events transpired. Turner's allegations would more appropriately be considered "sexual contact" as that term is defined in the statute:

> the term "sexual contact" means the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

18 U.S.C. § 2246(3). However, to be actionable under the FTCA, the defendant must do more than initiate "sexual contact," the conduct complained of must constitute a "sexual act." 28 U.S.C. § 1346(b)(2). The fact that §2246 clearly differentiates between these two types of conduct, and that the FTCA expressly makes only a "sexual act" actionable, makes clear that the

3

kinds of conduct about which Turner complains do not fall within the scope of conduct covered by the FTCA.

Accordingly, **IT IS ORDERED** that:

1. Turner's complaint [R. 1] is **DISMISSED WITH PREJUDICE**.

2. The Court will enter a separate judgment.

3. This matter is **STRICKEN** from the active docket.

This the 20th day of December, 2013.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge